IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 10-30027-WDS |
| ) | |
| KEVIN T. DUNIGAN, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT**

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of that agreement, the Defendant intends to plead guilty in this case. The full and complete Plea Agreement is as follows:

I.

1. Defendant acknowledges that he has been advised of and does fully understand the following:

> (a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
>
> (b) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
>
> (c) that if he pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, he waives the right to a trial; and
>
> (d) that if he pleads guilty, the Court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement; and

(e)     that if he pleads guilty, he will waive his right to persist in his plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against him at trial; and

(f)     that if he pleads, he is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), he will be forbidden by federal firearms laws from possessing any type of firearm in his lifetime, unless he obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2.     Defendant acknowledges that this Plea Agreement and Stipulation of Facts constitute the entire agreement and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce him to enter into this Plea Agreement.

3.     It is further understood that this agreement is limited to the Southern District of Illinois, and nothing herein is intended to bind other federal, state or local prosecuting authorities. It is further understood that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant.

4.     Defendant understands that this offense is subject to Title 28, United States Code, Section 994(a). Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

5.     Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant understands that he will be ordered to pay the full amount of the special assessment prior to or at the time of sentencing.

6. Defendant understands that the Court must impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision <u>and that the Government will recommend the imposition of a fine</u>. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated May 6, 2009, are, for imprisonment: $2,157.88 per month; for community confinement: $1,990.13 per month; and for supervision: $311.94 per month. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney, a Financial Statement (OMB-500).

8. The Defendant understands that if he is not currently detained that the Government may move for detention upon acceptance of the plea by the Court and if released the Defendant understands that if he commits any offense in violation of federal, state, or local law while on release in this case or violates any other conditions of release, the Government may request revocation of the Defendant's bond and forfeiture of any bail and may file additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw his plea.

9. The Defendant understands that the Government may move for an order pursuant to 18 U.S.C. § 6003 requiring the Defendant to give testimony or provide other information and that if such order is granted and the Defendant refuses to give such testimony or other information he may be subject to punishment for contempt.

10. The Defendant states that he has read this agreement and has discussed it with his attorney, and understands it.

**II.**

1. The Defendant states that he is actually guilty of and will enter a plea of guilty to counts 1 and 2 of the indictment, charging violations of Title 18, United States Code, Sections 2252(a)(2),(a)(4)(B), (b)(1), and (b)(2). The potential penalty that can be imposed for each violation of 2252(a)(2), and (b)(1) is from five to twenty years' imprisonment or a $250,000 fine, or both, and at least 5 years' supervised release. The potential penalty that can be imposed for each violation of 2252(a)(4)(b), and (b)(2) is up to ten years' imprisonment or a $250,000 fine, or both, and at least 5 years' supervised release.

2. The Government and the Defendant agree that the following constitutes the essential elements of the offense of Receipt of Child Pornography under Title 18, United States Code, Sections 2252(a)(2), and (b)(1) :

>   FIRST: That the defendant knowingly received a visual depiction in interstate commerce by any means, including a computer;
>
>   SECOND: That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;
>
>   THIRD: That such visual depiction was of a minor engaged in sexually explicit conduct;
>
>   FOURTH: That the defendant knew that such visual depiction was of sexually explicit conduct; and
>
>   FIFTH: The defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

The Defendant agrees and admits that his conduct violated these essential elements of this offense.

4

The Government and the Defendant agree that the following constitutes the essential elements of the offense of Possession of Child Pornography under Title 18, United States Code, Sections 2252(a)(4)(B), and (b)(2):

| | |
|---|---|
| First: | The Defendant knowingly possessed a matter containing a visual depiction; |
| Second: | That such visual depiction had been transported, shipped or mailed in interstate or foreign commerce, or in or affecting interstate or foreign commerce, including by computer, as charged or were produced using materials that have been mailed, shipped, or transported in interstate commerce; |
| Third: | That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; |

The Defendant agrees and admits that his conduct violated these essential elements of this offense.

3. The Government and Defendant submit to the Court that it appears that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 35 and a Criminal History Category of I, where the sentencing range is 168-210 months. The Defendant and the Government further submit that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant's fine range will be $20,000 to $200,000 according to U.S.S.G. § 5E1.2. The Government and Defendant also submit to the Court that this submission is not intended to be binding on the Court and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the guideline range found or the sentence imposed by the Court, he will not be permitted to withdraw his plea. The Government and the Defendant agree that the offense level and the criminal history category calculations submitted by the parties herein constitute the parties' good faith efforts to inform the

Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range and determining the sentence which will be imposed. The Government agrees to recommend a sentence and fine that is at the low end of the range ultimately found by the Court. Based upon the concessions made by the Government in this agreement, the Defendant agrees not to seek any sentence below the lowest range of the advisory sentence recommended by the guidelines after all guideline factors have been considered by the Court. The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses and the criminal history and characteristics of the Defendant.

4. Defendant and the Government agree that the initial Guideline Offense Level in this case is 22 pursuant to U.S.S.G. § 2G2.2. The Defendant and the Government further agree that the cross reference of 2G2.2(c) applies and therefore the appropriate section is 2G2.1, and the offense level becomes 32. The Defendant and the Government further agree that the specific offense characteristics of 2G2.1(b)(1), (b)(2)(A) and (b)(5) apply, thus the Defendant's initial Guideline Offense level should be increased six levels, creating a base offense level of 38.

5. Defendant and the Government agree that no victim-related adjustments apply to this offense. *See* U.S.S.G. § 3.A.

6. Defendant and the Government agree that his role in the offense was such that his offense level should be neither increased (under 3B1.1) nor decreased (under 3B1.2).

7. Defendant and the Government agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, the Defendant's base offense level should not be increased.

8. Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of 3 Levels, reducing the Offense Level to 35 from Offense Level 38. See U.S.S.G. § 3E1.1.

9. Defendant and the Government submit to the Court that it appears that the Defendant has amassed zero (0) Criminal History points and that, therefore, his Sentencing Guideline Criminal History Category is I. The Defendant and the Government arrived at this Category based upon the following information:

| Date | Charge | Disposition | Guideline | Score |
|---|---|---|---|---|

*None known at this time.*


Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties and any evidence submitted prior to sentencing.  Defendant recognizes that, regardless of the criminal history found by the Court, he will not be able to withdraw his plea.

7

10. The Defendant understands that the Government will recommend the imposition of a fine. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

11. Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report in this matter. Said cooperation will include signing all releases, as requested.

12. **The United States and the Defendant agree not to seek a sentence outside the applicable Guideline range.** The agreement by the parties to not seek a variance from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law.

13. The Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon a plea of guilty in this case, the Court must order the Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c). The Defendant and Government agree that there are no exceptional circumstances that would justify the Defendant's release pending sentencing.

### III.

1. The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.

2.    The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

3.    Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4.    Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section

3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

7. A. The Defendant acknowledges that the Government has provided complete discovery compliance in this case. Defendant states that he has reviewed said discovery compliance with his attorney. Defendant states that he has been advised that there may be items of physical evidence in this case which may have biological evidence, such as semen, blood, saliva, hair, skin tissue, or other identifiable biological material, that could be subjected to DNA testing either now or in the future. Defendant understands that the Government does not intend to conduct DNA testing of any of the items of physical evidence. Defendant states that he has discussed with his attorney his rights regarding DNA testing on the physical items seized as evidence in this case and is satisfied that there is no need for any DNA testing of any evidence in this case.

B. The Defendant states that he specifically understands that he could request DNA testing of evidence in this case before he pleads guilty pursuant to this Plea Agreement. He

further understands that, if the Court enters a judgment of conviction for the offenses to which he pleads guilty pursuant to this Plea Agreement, he could request DNA testing of evidence in this case after conviction under the conditions specified in 18 U.S.C. § 3600.

    C.    The Defendant states that knowing and understanding his right to request DNA testing, he knowingly and voluntarily waives and gives up that right. He understands that this waiver applies to DNA testing of all items seized as evidence in this case that could be subjected to DNA testing. He further understands that he is waiving the right to request DNA testing of evidence in this case in the current proceeding, in any proceeding following conviction under 18 U.S.C. § 3600, and in any other type of proceeding in which DNA testing may be requested. He fully understands that, as a result of his waiver of the right of DNA testing, that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is actually innocent of the offenses to which he pleads guilty pursuant to this Plea Agreement.

    D.    The Defendant states that he has fully discussed the significance of DNA testing both before and after his conviction and its possible uses with his attorney. The Defendant states he is satisfied with his attorney's explanation concerning DNA testing and the advice his attorney has provided to him concerning the consequences of waiving the right to request DNA testing.

    E.    The Defendant states that he has been advised of his rights under 18 U.S.C. §§ 3600 and 3600A. Defendant states that he waives those rights and consents to the destruction of all items of physical evidence seized in this case.

11

IV.

1. The Defendant further agrees to forfeit to the United States immediately and voluntarily any and all interest he has in the Dell Model 4600 computer with serial number DB32LN41; which was used in knowing violation of Title 18, United States Code, Sections 2252(a)(2), (b)(1), (a)(4)(B), and (b)(2) as charged in Counts 1 and 2 of the Indictment.

2. The Defendant agrees to do all things necessary to forfeit title of the listed computer to the United States. The Defendant agrees that the United States may, in its sole discretion, destroy the listed computer.

3. The Defendant waives any right to compensation for any cause of action against the United States or any other person or entity for the seizure, forfeiture, or destruction of the listed computer.

V.

No matters are in dispute.

A. COURTNEY COX
United States Attorney

_____
KEVIN T. DUNIGAN
Defendant

_____
NICOLE GOROVSKY
Assistant United States Attorney

_____
TODD SCHULTZ
Attorney for Defendant

Date: 04-12-10                                            Date: 4/12/10

12