# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

[ ] BENTON      [ X ] EAST ST. LOUIS        [ ] CONTESTED    [ X ] UNCONTESTED

**MINUTES OF DISPOSITION**

U.S.A. v. KEVIN DUNIGAN            CRIMINAL NO. 10-CR-30027-001-WDS

DEFT. COUNSEL: TODD SCHULTZ         JUDGE:   WILLIAM D. STIEHL

GOVT. COUNSEL: NICOLE GOROVSKY      DATE: JULY 16, 2010

REPORTER: DAVEANNA RAMSEY    DEPUTY: DEBBIE DEROUSSE    TIME: 11:00 A.M.-11: 45 A.M


   X   COURT ORDERS PRE-SENTENCE REPORT TO BE SEALED WITH COUNSEL HAVING ACCESS TO SAME IN THE EVENT OF APPEAL.  RECOMMENDATION TO BE PLACED UNDER SEPARATE SEAL AND COUNSEL WILL  NOT HAVE ACCESS TO SAME.

COURT'S RULINGS ON OBJECTIONS TO PRE-SENTENCE REPORT:

TOTAL AMOUNT OF _____ (e.g. cocaine base, marijuana, etc.) CONSTITUTING DEFENDANT'S RELEVANT CONDUCT IS

OFFENSE LEVEL:   35       CRIMINAL HISTORY CATEGORY:  I
SENTENCE RANGE: 168-210 Months;
FINE RANGE: $20,000- $200,000.
SUPERVISED RELEASE RANGE:   10 years

   X   COURT ACCEPTS PLEA AGREEMENT        _____ COURT REJECTS PLEA AGREEMENT

DEFENSE WITNESSES:
GOVERNMENT WITNESSES:

[ ] GOVERNMENT'S  5 K1.1 MOTION FOR DOWNWARD DEPARTURE   [ ] GRANTED     [ ] DENIED

DEPARTURE TO OFFENSE LEVEL:_____ CRIMINAL HISTORY CATEGORY:_____

_____ CUSTODY OF ATTORNEY GENERAL       X   CUSTODY OF BUREAU OF PRISONS

**SENTENCE:  168 Months. This term consists of 168 months on Count 1 and 120 months on Count 2, all such terms to run concurrently.**

 X  UPON RELEASE FROM IMPRISONMENT, DEFENDANT PLACED ON **SUPERVISED RELEASE** FOR **10 YEARS ON EACH OF COUNTS 1 & 2, ALL SUCH TERMS TO RUN CONCURRENTLY.**

CONDITIONS OF SUPERVISION/PROBATION:

[X ] Within 72 hours of release from BOP, defendant to report to probation in district released.

[X] The defendant shall cooperate in the collection of DNA as directed by the probation officer.

[X] Defendant shall not commit any further crimes.

[X] Defendant shall not illegally possess any controlled substances.

[X] Defendant shall not possess firearm or other destructive device.

[ ] Court waives mandatory drug testing..

[X] If deemed necessary, the defendant shall participate in an approved sexual offender treatment program, a directed by the probation officer. If deemed necessary, the defendant shall submit to an approved sexual predator evaluation. The defendant shall abide by all rules, requirements, and conditions of the treatment program, including submission to polygraph and/or plethysmograph examination, at his own expense, to determine if he is in compliance with the conditions of his release. The defendant shall remain in the program until successfully completed or until such time as the defendant is released from the program by the Court and/or probation officer. The defendant shall pay for the costs associated with the treatment program based upon a copay sliding fee scale. The copay shall never exceed the total cost of the program.

[X] The defendant shall refrain from accessing any "material" that relates to the activity in which he was engaged in during the commission of the instant offense, namely possession of child pornography, via any personal computer and/or electronic device capable of accessing the Internet, World Wide Web, and Electronic Mail. The defendant shall not install any file sharing programs on his computer or use any file sharing programs.

[X] The defendant shall permit the probation officer to have access to any personal computer and/or electronic device capable of accessing the Internet, World Wide Web, and Electronic Mail. The defendant shall also allow the probation officer or designee to conduct regular searches of his computer using software monitoring devices if determined necessary by the probation officer. The defendant shall advise the probation officer of all e-mail addresses he uses on both public and private computers. The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that may be imposed. The defendant shall warn other residents or occupants of his home that computer systems will be subject to inspection by the probation officer and/or authorized contractor.

[X] The defendant shall submit his person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search, at any time, with or without a warrant, by law enforcement or probation officer, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition

[X] The defendant shall participate, as directed and approved by the probation officer, in treatment for narcotic addiction, drug dependence or alcohol dependence, which includes urinalysis or other drug detection measures and which may require residence and/or participation in a residential treatment facility or residential reentry center. The number of drug tests shall not exceed 52 tests in a one-year period. Any

participation will require complete abstinence from all alcoholic beverages.  Defendant shall pay for the costs associated with substance abuse counseling and/or testing based on a co-pay sliding fee scale as directed and approved by the U. S. Probation Office.  Co-pay shall never exceed the total costs of counseling.

[X] The defendant shall undergo a mental health assessment and participate in a program of mental health treatment as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. This may include a psychiatric evaluation and may require participation in a medication regiment. The defendant shall follow the medication regiment as prescribed by a licensed practitioner, at the direction of the probation officer. The defendant shall pay for the costs associated with the services rendered for counseling and/or testing based upon a copay sliding fee scale, as directed and approved by the United States Probation Office. The copay shall never exceed the total costs of counseling

[X]   DEFENDANT **FINED** IN THE AMOUNT OF **$ Waived**    DUE IMMEDIATELY.

[X ]   RESTITUTION TO BE PAID IN THE AMOUNT OF $   **$576.00**  TO: See : below

William Williams for transportation expenses for B.W. to and from her counseling appointments.

[X] Restitution shall be paid through the Clerk of the U.S. District Court and is due immediately. Payment of any interest is waived by the court. The defendant is required to notify the Court and the Attorney General of any material change in his economic circumstances that would affect his ability to pay restitution.

[X ]   INTEREST WAIVED            [  ]   INTEREST IMPOSED

[  ]   FINE TO BE PAID FROM PRISON EARNINGS, OR WHILE DEFENDANT IS ON SUPERVISED RELEASE.

[X]   **SPECIAL ASSESSMENT** OF $ **100.00**    ON EACH OF COUNT(S)  **1& 2**   FOR A TOTAL IN THE AMOUNT OF **$200.00**   DUE IMMEDIATELY.

[X]   COURT FINDS DEFENDANT'S FINANCIAL CONDITION IS SUCH THAT HE IS UNABLE TO:

 [ ] PAY RESTITUTION, [X ] PAY A FINE, [X ] PAY COSTS OF INCARCERATION OR SUPERVISION  AND THEY ARE WAIVED.

[X ]   DEFENDANT ADVISED OF RIGHT TO APPEAL.

[X ]   RECOMMENDATION BUREAU OF PRISONS, MEDICAL FACILITY, IF FOUND TO BE ELIGIBLE   .

[  ]   BOND: [  ] REVOKED   [X] REMANDED   [  ]

  OR [  ] SURRENDER TO USM ON

[  ]   COUNT(S)                            DISMISSED ON MOTION OF GOVERNMENT.

[    ]

3